48

**UNITED STATES of America,
Appellee,**

v.

**Armando SANTAMARIA, Defendant–
Appellant.**

**No. 05–5814–cr.**

United States Court of Appeals,
Second Circuit.

April 20, 2007.

Barry D. Leiwant, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Michael E. Douvas, Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney Katherine Polk Failla, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: RALPH K. WINTER, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Armando Santamaria appeals from a judgment convicting him, after a plea of guilty, of one count of illegal re-entry into the United States subsequent to his removal after conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). *See United States v. Santamaria*, No. 04 cr 1038 (S.D.N.Y. Oct. 20, 2005). The District Court sentenced defendant to a term of 24 months' imprisonment, to be followed by a term of three years' supervised release.[1]

On appeal, defendant argues that the District Court erred in finding that sentencing disparities created by the Department of Justice's "fast-track" programs[2]

---

1. The Probation Office's Presentence Report concluded that defendant's applicable Guidelines range was 24–30 months. At sentencing, the District Court also imposed a mandatory $100 special assessment.

2. "Fast-track" programs operate as a set of policies followed by U.S. Attorney's offices in certain districts, whereby the Government recommends reduced sentences for violators of 8 U.S.C. § 1326 "in return for the defendants' waiver of various rights, including: indictment by a grand jury, trial by jury, presentation of a pre-sentence report, and appellate review of the sentence." *United States v. Mejia*, 461 F.3d 158, 160 (2d Cir.2006). The programs may be implemented only in select districts that "confront[ ] an exceptionally

for illegal reentry offenders are not "unwarranted" disparities within the meaning of 18 U.S.C. § 3553(a)(6). Defendant's argument is squarely foreclosed by our decision in *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006) (holding that fast-track programs do not create "unwarranted" sentencing disparities within the meaning of 18 U.S.C. § 3553(a)(6)).

Accordingly, we **AFFIRM** the judgment of the District Court.

large number of a specific class of offenses within the district, and failure to handle such cases on an expedited or "fast-track" basis would significantly strain prosecutorial and judicial resources available in the district," or where "the district confronts some other exceptional local circumstance with respect to a specific class of cases." Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's "Fast–Track" Policies (Sept. 22, 2003), 16 Fed. Sent. Rep. 134, 2003 WL 23475483, at *2 (2003). Congress has explicitly approved such programs. *See* Pub.L. No. 108–21, 117 Stat. 650, 675 (2003) (codified in various sections of 18, 28, and 42 U.S.C.). Further, United States Sentencing Guidelines § 5K3.1, "Early Disposition Programs (Policy Statement)," addresses the programs, providing that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S. Sent'g Guidelines Manual § 5K3.1.